**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **Colleen Cibarich,** | **Civil Action No.: _____** |
| **Plaintiff,** | |
| **v.** | |
| **Enhanced Recovery Company, LLC;** | **COMPLAINT** |
| **and DOES 1-10, inclusive,** | |
| | **April 29, 2011** |
| **Defendants.** | |

        For this Complaint, the Plaintiff, Colleen Cibarich, by undersigned counsel, states as follows:

<u>JURISDICTION</u>

        1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

        2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

        3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

<u>PARTIES</u>

        4.     The Plaintiff, Colleen Cibarich ("Plaintiff"), is an adult individual residing in, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

        5.     Defendant Enhanced Recovery Company, LLC ("Enhanced"), is a

Florida business entity with an address of 8014 Bayberry Road, Jacksonville, Florida 32256, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Enhanced and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Enhanced at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      The Plaintiff incurred a financial obligation in the approximate amount of $2,700.00 (the "Debt") to Raymour & Flanigan (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Enhanced for collection, or Enhanced was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Enhanced Engages in Harassment and Abusive Tactics

12.     In November 2010 Defendants began placing automated calls on

2

Plaintiff's residential phone line in an attempt to collect the Debt.

13.     In December 2010 Plaintiff entered into a payment agreement with Defendants.

14.     Plaintiff requested that Defendants send her a written correspondence with the terms of the agreement.

15.     Defendants repeatedly assured Plaintiff that such correspondence along with notice of intent of deposit would be sent to Plaintiff. Namely, James Ceceil, a manager for Defendants, stated that he would send a letter indicating Plaintiff's payments. However, Defendants failed to do so.

16.     As a result of the agreement Plaintiff was to pay approximately $1,712.00 by March 11, 2011.  Plaintiff has paid $1,000.00

17.     In March 2011, Plaintiff received another automated call from Defendants. Plaintiff called Defendants back and was connected to a "Mrs. Robinson."

18.     Mrs. Robinson informed Plaintiff that her account with Enhanced will be transferred back to Wells Fargo and unless she pays the remaining balance and additional $300.00 in full by March 31, 2011, or the account balance would be reset.

19.     Defendants failed to inform Plaintiff of her rights under the state and federal laws by written correspondence within 5 days after the initial communication, including the right to dispute the Debt.

C. <u>Plaintiff Suffered Actual Damages</u>

20.     The Plaintiff has suffered and continues to suffer actual damages as

3

a result of the Defendants' unlawful conduct.

21.    As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

<u>COUNT I</u>

<u>VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.</u>

22.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.    The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

24.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

25.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

26.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

27.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

28.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that

Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

29.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

### VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, et seq.

31.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     The Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

33.     The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

34.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

35.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.     Without prior consent the Defendants made telephone calls to the

5

Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiff in violation of 47 U.S.C. § 227(b)(1)(B).

37.    The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

38.    The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT IV

## COMMON LAW FRAUD

39.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.    The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of Connecticut.

41.    The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:**

1. **Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;**

2. **Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;**

3. **Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;**

4. **Actual damages pursuant to Conn. Gen. Stat. § 42-110g;**

5. **Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);**

6. **Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;**

7. **Punitive damages; and**

8. **Such other and further relief as may be just and proper.**

    **TRIAL BY JURY DEMANDED ON ALL COUNTS**

**Dated: April 29, 2011**

**Respectfully submitted,**

**By  /s/ Sergei Lemberg**

**Sergei Lemberg, Esq.**
**LEMBERG & ASSOCIATES L.L.C.**

**1100 Summer Street, 3rd Floor**
**Stamford, CT 06905**
**Telephone: (203) 653-2250**
**Facsimile:  (888) 953-6237**
**Attorney for Plaintiff**